3/5/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARTY BONDS; et al.                                                            PLAINTIFFS

vs.                                                                   No. 1:07CV80-D-D

LIBERTY NATIONAL LIFE INSURANCE
COMPANY; and RONNIE THOMPSON                                            DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Tishomingo County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

A. *Factual Background*

On March 7, 2007, the Plaintiffs filed this suit in the Circuit Court of Tishomingo County, Mississippi, alleging that the Defendants' conduct in connection with the denial of the Plaintiffs' claim for benefits on their Decedent's life insurance policy, which was issued by the Defendant Liberty National Life and sold to the Decedent by the Defendant Ronnie Thompson, renders the Defendants liable for, *inter alia*, gross negligence. This action was removed by the Defendants to this court pursuant to the court's federal diversity jurisdiction, alleging that the Defendant Ronnie Thompson has been improperly joined. The Plaintiffs have now motioned the court to remand this matter to state court.

B. *Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiffs and the Defendant Thompson are resident citizens of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiffs improperly[1] joined Thompson in order to defeat diversity. Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). But, if the court finds that Thompson has not been improperly joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The improper joinder doctrine constitutes "a narrow exception to the rule of complete diversity." McDonal, 408 F.3d at 183. The party alleging improper joinder bears the burden of

---

[1]The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred. McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

persuasion, and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been improperly joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). Under the second prong of this test, the court examines "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). If no reasonable basis of recovery exists, a conclusion may be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless that showing compels dismissal of all defendants, in which case there is no improper joinder. McDonal, 408 F.3d at 183. Improper joinder has not occurred if a defense raised by the defendants compels the same result for the resident and nonresident defendants, because this would simply mean that the plaintiff's case is ill founded as to all the defendants rather than just as to the resident defendants. Id. In other words, if the showing of no possibility of recovery against the local defendant applies equally to all claims against all defendants, remand is appropriate. Id.

The Defendants here do not allege outright fraud, so the court must determine whether "there is any reasonable basis for predicting that [the Plaintiffs] might be able to establish [the non-diverse Defendant's] liability on the pleaded claims in state court." Travis, 326 F.3d at 647. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light

most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. Hart, 199 F.3d at 246.

Likewise, in evaluating a claim of improper joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court simply determines whether there is a possibility that the Plaintiffs will be able to state a claim against the allegedly improperly joined Defendant. Rodriguez, 120 F.3d at 591; see also B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

As set forth below, the court finds that the Defendants have failed to establish that there is no possibility that the Plaintiffs will be able to state a claim against the Defendant Thompson. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### C. Discussion

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood, 385 F.3d at 573. In the case at bar, the Plaintiffs allege that the Defendant Thompson was grossly negligent in connection with the sale of the Plaintiffs' Decedent's subject life insurance policy; specifically, the Plaintiffs allege

that Thompson was grossly negligent in completing the life insurance application on behalf of the Decedent, that Thompson made statements representing that the Decedent was insured and that the policy covered the loss of his life, and that the Decedent relied on these representations to his detriment. See Complaint at ¶¶ IV, V, VI.

In Mississippi, agents may incur individual liability when their conduct constitutes gross negligence, malice, or reckless disregard for the rights of the plaintiff. Gallagher Bassett Servs., Inc. v. Jeffcoat, 887 So. 2d 777, 784 (Miss. 2004); Brumfield v. Pioneer Credit Co., 291 F. Supp 2d 462, 470 (S.D. Miss. 2003). The court finds that the Plaintiffs' allegations in the case *sub judice* are sufficient to potentially state a cause of action for gross negligence against Thompson and that Thompson may have participated in the commission of the tort of gross negligence. See, e.g., Ezell v. BellSouth Telecomms., Inc., 961 F. Supp. 149, 152 (S.D. Miss. 1997) (definition of gross negligence in Mississippi is "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them."), citing Dame v. Estes, 101 So. 2d 644 (Miss. 1958). Specifically, the Plaintiffs aver in Paragraphs IV, V, and VI of their complaint that Thompson completed the life insurance application on behalf of the Decedent in a grossly negligent manner and made statements (that the Decedent detrimentally relied upon) representing that the Decedent was insured under the subject life insurance policy, when the Defendants in fact denied payment under the policy after the Decedent's death.

Accordingly, the court finds that the Defendants have failed to meet their burden of demonstrating that there is no reasonable possibility that the Plaintiffs will be able to establish a cause of action against the Defendant Ronnie Thompson in state court. As such, the court finds that

Thompson has not been improperly joined in this action.

### D. Conclusion

In sum, the Plaintiffs' complaint, taking all allegations set forth as true, at least raises the reasonable possibility that they could succeed in establishing a tort claim against the Defendant Ronnie Thompson under Mississippi law. Accordingly, Thompson's Mississippi citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. His presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, pursuant to 28 U.S.C. § 1447(c), this cause shall be remanded to the Circuit Court of Tishomingo County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of March 2008.

/s/ Glen H. Davidson
Senior Judge